UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN T. HUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:08-CV-1010 (CEJ) |
| | ) |
| TEVA NEUROSCIENCE, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This action was originally filed in the Twenty-Second Judicial Circuit Court of Missouri, and was removed by defendants Teva Neuroscience, Inc., and Teva Pharmaceuticals Industries, Ltd., on the basis of diversity of citizenship under 28 U.S.C. § 1332. Presently pending are defendants' motions for sanctions and to dismiss. Plaintiff also seeks leave to amend her complaint. Before the Court can address the parties' motions, it must determine whether it has subject-matter jurisdiction.

I.  **Background**

Plaintiff Karen Hutton alleges that she developed Stevens Johnson Syndrome after taking the prescription drug Amoxicillin. She brings claims under Missouri law[1] against Teva Neuroscience, Inc., f/k/a Teva Clinical Research, Inc. (TNI); Teva Corp.; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals, USA, Inc.;

---

[1]Plaintiff asserts the following claims in her nine-count complaint: strict product liability (failure to warn); strict product liability (manufacturing and design defects); negligence; negligence *per se*; negligent misrepresentation; breach of implied warranty; breach of express warranty; fraud; and punitive damages.

and Glaxosmithkline Healthcare, L.P., f/k/a Smithline Beecham Consumer Healthcare, L.P., f/k/a Smithline Beecham Consumer Brands, L.P.

Diversity of citizenship jurisdiction is not apparent on the face of plaintiff's complaint. Plaintiff is a citizen of New York; Teva Pharmaceuticals Industries, Ltd., has its principal place of business in Israel; Teva Pharmaceuticals, USA, Inc., is a Delaware corporation with its principal place of business in Pennsylvania; and SmithKline Beecham Corporation (improperly named as Glaxosmithkline Consumer Healthcare, L.P.) is a Pennsylvania corporation with its principal place of business in Pennsylvania. However, defendants TNI and Teva Corp. have their principal places of business in Missouri and thus are citizens of Missouri. See 28 U.S.C. § 1332(c)(1) (defining citizenship of corporations); § 1441(b) (civil actions arising under diversity jurisdiction removable "only if none of the . . . defendants is a citizen of the State in which such action is brought."). The removing defendants assert that the resident defendants were fraudulently joined in order to defeat federal jurisdiction.

## II. Discussion

The Court has the duty to determine its jurisdiction, and to raise the issue of jurisdiction *sua sponte*, if necessary. See James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 830 (8th Cir. 2005). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where

-2-

it originated. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). As the party invoking federal jurisdiction in a removed case, the defendant bears the burden to establish jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005); James Neff Kramper, 393 F.3d at 831; Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002).

Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse or resident defendant fraudulently joined in order to defeat removal. Commercial Sav. Bank v. Commercial Fed. Bank, 939 F.Supp. 674, 680 (N.D. Iowa 1996). Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002). There is no fraudulent joinder if there is a colorable cause of action against the resident defendant under the facts alleged. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). The standard for determining fraudulent joinder is even more favorable to the

plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Mohammed v. Buck's Inc., 2008 WL 2952062 at *2 (E.D. Mo. July 28, 2008) (citing Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)). If there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent. Filla, 336 F.3d at 810.

Plaintiff alleges that the Teva defendants were "engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting and/or selling, either directly or indirectly, through third parties or related entities, Amoxicillin . . ." Teva Corp. asserts, and plaintiff concedes, that it does not manufacture pharmaceuticals at all, and thus, there does not appear to be a colorable claim against this defendant. Defendant TNI asserts that it does not manufacture amoxicillin; indeed, according to TNI, the amoxicillin taken by plaintiff was manufactured by Teva Pharmaceuticals USA, Inc. Defendant TNI acknowledges, however, that it houses a business unit responsible for reporting to the Federal Drug Administration adverse reactions to drugs manufactured by Teva Pharmaceuticals USA, Inc. Plaintiff alleges, *inter alia*, that defendants issued inadequate post-marketing warnings to the medical community.

The Court finds that plaintiff has stated a colorable claim of failure to warn against defendant TNI. Because defendant TNI is a resident defendant, the removal was improper and the Court lacks jurisdiction over this dispute.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
```

Dated this 7th day of November, 2008.